# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ABRAM CLAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-00927-DGK |
| | ) |
| SUNFLOWER DEVELOPMENT GROUP, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTIONS TO REMAND

Now before the Court are Defendant Brian Anderson and Jewel Thomas's (collectively "Removing Defendants") Motion to Remand (Doc. 30) and Plaintiffs' Motion to Remand (Doc. 31). Removing Defendants seek remand because, after discussing with Plaintiffs, they understand that Plaintiffs' claims do not involve a federal claim. Plaintiffs move for remand because all of their claims arise under state law and thus, the Court lacks subject matter jurisdiction.

Removing Defendants removed this case pursuant to 28 U.S.C. § 1441(a). The original federal jurisdiction basis cited in support of removal was federal-question jurisdiction.

Having reviewed the complaint, the Court finds Plaintiffs' complaint does not support federal-question jurisdiction. A district court's federal-question jurisdiction extends over only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). In their Notice of Removal, Removing Defendants argued Plaintiffs' claims arose under 42 U.S.C.

§ 1983, yet after discussions, Plaintiffs and Removing Defendants now agree Plaintiffs have asserted negligence claims. The Court finds federal law does not create the cause of action in this case or that Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. Therefore, the Court does not have federal-question jurisdiction in this case.

Under 28 U.S.C. § 1447, "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, it is hereby ORDERED that the motions are granted. This case is remanded to Jackson County, Missouri, Circuit Court for all further proceedings.

**IT IS SO ORDERED.**

Date: December 6, 2017  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT